IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Desmond Deshard Milligan,  ) | C/A No. 3:13-2757-TLW-PJG |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Drug Enforcement Administration; Lexington  ) | |
| County Sheriff's Department; West Columbia  ) | |
| Police Department,  ) | |
| ) | |
| Defendants.  ) | |
| _____  ) | |

The plaintiff, Desmond Deshard Milligan ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint, which requests a monetary award, names governmental entities as defendants. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**I.     Factual and Procedural Background**

Plaintiff claims that on October 11, 2007, after being arrested at a motel room, he was questioned at the police station. (ECF No. 1 at 3.) While being questioned, he was told that officers had obtained a search warrant for a home his girlfriend lived in with their two children. The officers threatened Plaintiff that, if drugs were found in the home, his girlfriend would be arrested and their children sent to the department of social services. To "protect" his girlfriend and children, Plaintiff

wrote a statement saying that there were drugs in the home and where they could be found. (Id.) Nevertheless, his girlfriend was later arrested. (Id. at 4.)

Thereafter, Plaintiff discovered there was no search warrant for the home until after Plaintiff gave the statement. He alleges that an agent from the Drug Enforcement Administration spoke with him about $47,000 in cash that was seized during the search. The charges against Plaintiff were subsequently dropped as part of a plea deal. Plaintiff seeks the return of the cash found. (Id. at 5.)

## II.    Discussion

### A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

**1.     Drug Enforcement Administration ("DEA")**

The Complaint is subject to summary dismissal as to Defendant DEA because Plaintiff seeks monetary relief against a defendant who is immune from such relief in this type of action. Although Plaintiff designated the DEA as a defendant, if Plaintiff is attempting to sue the United States, this case should be barred by sovereign immunity. "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005). The United States Court of Appeals for the Fourth Circuit has explained:

> All waivers of sovereign immunity must be "strictly construed . . . in favor of the sovereign." For that reason, it is the plaintiff's burden to show that an unequivocal waiver of sovereign immunity exists and that none of the statute's waiver exceptions apply to his particular claim. If the plaintiff fails to meet this burden, then the claim must be dismissed.

Id. (citations omitted).

If this case is construed as a Bivens action,[2] a Bivens action may not be brought against agencies of the United States, such as the DEA. FDIC v. Meyer, 510 U.S. 471, 486 (1994) (declining to extend Bivens remedy to federal agencies). Although a Bivens action can be brought against an individual acting under federal authority for deliberate violation of constitutional rights, the Complaint names no individual as a defendant.

Further, if this case is treated as one brought under the Federal Tort Claims Act ("FTCA"), as a defendant in this action, the DEA is still entitled to summary dismissal on the basis of sovereign immunity. A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees.[3] See Sheridan v. Reidell, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); Rice v. Nat'l Sec. Council, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), aff'd, 46 F. App'x 212 (4th Cir. 2002). As a result, the DEA is also entitled to summary dismissal under the FTCA.

Additionally, an administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the FTCA. See 28 C.F.R. § 14.2; Standard Form 95; 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").

---

[2] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (establishing a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20 & n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241-42 (11th Cir. 2000); Campbell v. Civil Air Patrol, 131 F. Supp. 2d 1303, 1310 n.8 (M.D. Ala. 2001) (noting that "the court shall refer interchangeably to cases decided under both § 1983 and Bivens.").

[3] The FTCA waives the sovereign immunity of the United States in certain situations. Litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979).



Finally, it is clear that Plaintiff's claims (if any) arose no later than 2007, when Plaintiff allegedly was told about the seizure of the money. Hence, this case is untimely whether it is treated as an action under the FTCA, see 28 U.S.C. § 2401(b), or as a Bivens action. See Wilson v. Garcia, 471 U.S. 261, 265-80 (1985) (in § 1983 and Bivens actions, federal courts should apply a state's general statute of limitations for personal injuries), partially superseded by statute as stated in Jones v. R.R. Donnelly & Sons, Co., 541 U.S. 369, 377-80 (2004); S.C. Code Ann. § 15-3-530.

### 2.    Lexington County Sheriff's Department

This action cannot proceed against the Lexington County Sheriff's Department because this defendant has immunity to suit pursuant to the Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of Calif. v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Moreover, it has long been recognized that arms of the State are not "persons" for purposes of § 1983. Will, 491 U.S. at 70-71.

In South Carolina, a sheriff's department is an agency of the State, not a department under the control of the county. Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (discussing



sheriff as agent and alter ego of State and that deputy sheriffs act as the sheriff's agent), aff'd, 878 F.2d 379 (4th Cir. 1989); Carroll v. Greenville Cnty. Sheriff's Dep't, 871 F. Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the State).  As an agency of the State, the Lexington County Sheriff's Department is immune from a suit seeking damages under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.  Stewart v. Beaufort Cnty., 481 F. Supp. 2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity.").  Because the Lexington County Sheriff's Department has immunity from suit in this court, this action should be dismissed against this defendant.

### 3. West Columbia Police Department

The Complaint fails to state a claim upon which relief may be granted as to Defendant West Columbia Police Department because it is well-settled that a defendant in a § 1983 action must qualify as a "person."  The West Columbia Police Department, a local police department, is an instrumentality of a municipality—not an independent entity—and thus not a "person" within the meaning of § 1983.  Terrell v. City of Harrisburg Police Dep't, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."); Petaway v. City of New Haven Police Dep't, 541 F. Supp. 2d 504, 510 (D. Conn. 2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Buchanan v. Williams, 434 F. Supp. 2d 521, 529 (M.D. Tenn. 2006) (concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983).  Accordingly, this defendant is also subject to summary dismissal from this action.



### III. Recommendation

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 24, 2014
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).